# ORPHANS' COURT OF BALTIMORE CITY

Filed May 19, 1893.

Argued before Judges Lindsay and Edwards.

## IN THE MATTER OF THE ESTATE OF FERDINAND SCHULZE.

*Barton & Wilmer, James Ambler* and *Otto Hunckel* for petitioner.

*Gans & Haman* for administrators.

LINDSAY, C. J.—

This matter comes before the Court by petition of Magdalena Schulze, widow of the deceased, praying an allowance of a portion of her share in

the estate of her deceased husband as she is in straitened circumstances.

The petition is answered by Wm. H. Schulze and Fred. H. R. Schulze, administrators and sons of the deceased denying that the said Magdalena is the widow of the deceased and therefore not entitled to the relief prayed for from the fact that when the marriage ceremony was performed the deceased was of unsound mind and incapable of making any valid contract thus causing the said marriage to be void.

The single point raised by the answer of the administrators was the mental capacity and condition of Ferdinand Schulze at and about the time of his marriage with the petitioner.

Upon this point a large amount of testimony was taken, much of which was of a conflicting and contradictory character. Out of this mass of testimony may be gleaned a few facts bearing upon the case.

First — Ferdinand Schulze's first wife was an invalid and to improve her condition they took a trip to Europe in the year 1889, and it was a failure so far as the main purpose was concerned, after their return home Mr. Schulze appeared to undergo a mental change, becoming melancholy and depressed in spirits to such an extent as to cause him to give up active business and to withdraw from contact with the public, remaining at home silent, morose and morbid to a greater or less degree for more than a year after the death of his wife, thus giving evidence of mental disturbance, which incapacitated him for business.

Second—During the greater part of the year 1892 his mental disturbance appeared to be allayed largely, and he began to take an interest in business matters, going out and coming in at pleasure without restraint, visiting his place of business, and spending much time in neighbors' saloons playing cards, conversing with patrons, reading newspapers, doing as other people in such places, and under such circumstances.

Third—On the 28th day of December, 1892, he married Magdalena Lange this petitioner after a somewhat short courtship, and carried out all the details of a marriage, taking witnesses along with him, being married by the pastor of the church of which he attended and was a member, after marriage he visited his children, introducing his new wife to them, but not being very cordially received he went to live at the house of his wife on Barnett street, which he put in good condition to make it comfortable to live in, as a householder he purchased such articles as were necessary as a man cognizant of his actions.

Fourth—He then went into business, and with the concurrence of his sons (the parties who now make these charges) changed the deposits in bank from his sons names to that of his own, thereby making the deposits subject to his own order, all of his acts at this time which was made about the time he was married, exhibited a knowledge of what he was doing and continued for a period of two months, when apparently he suddenly became violently insane and sent to Spring Grove Asylum and there died.

Fifth—It is true that there was the testimony of three physicians, two of whom knew nothing of the deceased, until his attack of March, 1893, the third one had been called to see him about two years before for mental troubles, and then did not see him again until he was called again in March and then advised that he be sent to Spring Grove, and when asked if he would take a title from him he said he would during lucid intervals.

Upon a careful and mature consideration of the testimony produced as well as the exhaustive argument of the respective counsel and their numerous authorities the Court is of the opinion that the petitioner, Magdalena Schulze, as widow, is entitled to the relief prayed for and the Court will fix the amount to be allowed upon being furnished with the true condition of the estate.